# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Devon Heyward, ) | |
| ) | Civil Action No.: 0:18-cv-00487-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| State of South Carolina; Attorney Scarlett ) | |
| Wilson, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner Devon Heyward, ("Petitioner") proceeding *pro se* and *in forma pauperis,* filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Paige J. Gossett. On March 6, 2018, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court summarily dismiss the Petition for Writ of Habeas Corpus without prejudice and without requiring Respondent to file a return (ECF. No. 6). This review considers Petitioner's Objections to the Report ("Objections"), filed March 19, 2018 (ECF No. 8). For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 6). The court thereby **DISMISSES** the Petition without prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (*See* ECF No. 6.) Petitioner is currently detained at the Sheriff Al Cannon Detention Center in North Charleston, South Carolina pending outstanding criminal charges in the Charleston County Court of General sessions. (ECF No. 6 at 1.) Petitioner has filed a Petition for

1

Writ of Habeas Corpus asking the court to dismiss those charges. (ECF No. 1.) Petitioner claims that he is innocent and cites to *Brady v. Maryland,* 373 U.S. 83 (1963) and *Miranda v. Arizona,* 384 U.S. 436 (1966), and *In Re Wright,* 826 F.3d 774 (4th Cir. 2016), as well as Amendments 1 through 14 of the United States Constitution as reasons why his charges should be dismissed. (ECF No. 1.)

On March 6, 2018, the Magistrate Judge issued the Report recommending the court summarily dismiss the Petition for Writ of Habeas Corpus without prejudice and without requiring Respondent to file a return. (ECF. No. 6.) In the Report, the Magistrate Judge concluded that Petitioner fails to state a claim on which relief may be granted because Petitioner is currently being held on pending state criminal charges and therefore can pursue his claims in state court. (ECF No. 6 at 3-4.) Petitioner timely filed his Objections on March 19, 2018 (ECF No. 8).

## II. LEGAL STANDARD

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005). The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). The court reviews those portions

which are not specifically objected to for clear error. *Diamond,* 416 F.3d at 316. If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required. *Id.*

Petitioner is a *pro se* litigant, and as such the court is required to liberally construe his arguments. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *King v. Rubenstein,* 825 F.3d 206, 214 (4th Cir. 2016). The court addresses those arguments that, under the required liberal construction, it has reasonably found to state a claim. *See Weller v. Dep't of Soc. Services for City of Baltimore,* 901 F.2d 387, 391 (4th Cir. 1990); *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999).

### III. ANALYSIS

The court has conducted a *de novo* review of the issues in this case and concludes that the Magistrate Judge has properly applied the applicable law. The court specifically reviewed those conclusions of the Magistrate Judge which were mentioned in Petitioner's Objections.

The Magistrate Judge properly determined that, under the current law, state courts should be free to conduct state criminal proceedings without interference from federal courts except in narrow and extraordinary circumstances. *Younger v. Harris* 401 U.S 37, 45-46 (1971). (ECF No. 6 at 3.) Further, the Magistrate Judge determined that abstention by the court is appropriate under the circumstances of this case. *See Martin Marietta Corp. v. Maryland Commission on Human Relations,* 28 F.3d 1392, 1396 (4th Cir. 1994). (ECF No. 6 at 3-4.)

Petitioner initially alleges that his "rights continue to be violated … pursuant to the right to appeal at all court proceedings/hearings to include however not limited to a bond to be set." (ECF No. 8.) However, Petitioner provides no evidence that the pending state criminal prosecution would not provide sufficient opportunity for the vindication of those constitutional rights which he alleges have been violated. *See Kugler v. Helfant,* 421 U.S. 117, 124 (1975).

3

Petitioner next alleges that *Younger* does not apply because Petitioner is incapable of paying the filing fee for a petition for writ of habeas corpus in state court. However, under South Carolina Judicial Rule 3(b), a petitioner may file a motion for leave to proceed *in forma pauperis* if he is unable to pay the fee required for filing an action. Furthermore, even if Petitioner could not file a petition for writ of habeas corpus in state court, he would still have sufficient opportunity to pursue his claims in his pending criminal matter in state court as noted above.

In addition, Petitioner takes issue with the Order by the Magistrate Judge (ECF No. 5) directing that the Petition shall not be served upon Respondent. However, because Petitioner's claim is to be summarily dismissed in accordance with this opinion and because Petitioner will have sufficient opportunity to pursue his claims in state court, there is no need to require service upon Respondents for this action.

Petitioner also contends that he is innocent and that his case should be dismissed under *In Re Wright,* 826 F.3d 774. This objection is only a restatement of the claim in his Petition (ECF No. 1), which the Magistrate Judge had available for review at the time the Report was issued. Petitioner offers no argument as to why the Magistrate Judge was mistaken with regard to this claim. As such, this objection lacks the requisite specificity under Federal Rule of Civil Procedure 72(b), and the court need not review this claim *de novo* but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note). The court does not find clear error and accepts the Report by the Magistrate Judge.

Finally, Petitioner alleges that he did not receive the Report through the mailing system until March 14, 2018, and asks the court to address this as well. However, the court need not

address this objection because Petitioner's claim is to be summarily dismissed for the reasons noted above.

## IV. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 6), and **DISMISSES** the Petition without prejudice and without requiring Respondent to file a return.

## V. CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 21, 2018
Columbia, South Carolina